May it please the Court, Caitlin Sinclair Blythe for Appellant Kelvin Allen. If I may, I'd like to reserve two minutes for rebuttal. Because, as the parties agree, the magistrate judge did not have authority to enter judgment, the issue is what, in service of fairness, can be done to secure this Court's appellate jurisdiction to review and correct the clearly erroneous finding of non-exhaustion. This Court can and should exercise mandamus jurisdiction, not just because the magistrate judge exceeded his authority, but also to reach exhaustion. It should hold that, on this record, it was clear error to find that defendants met their burden. Of course, this Court's mandamus review is guided by the Bowman factors, and three of those factors strongly favor a mandamus review here to reach exhaustion. Those three, of course, are adequate available relief, uncorrectable harm, and clear error. Here, just to cut to the chase, okay, if there was no consent, then the magistrate judge didn't have authority to enter a judgment. If there was not authority to enter a judgment, it would seem ill-conceived on our part to reach out to your merits issue. That's not to say you couldn't come back at some later date, but let's just say we were disinclined, for whatever reason, to reach the merits. What do you think would be the appropriate remedy? If this Court found it's inappropriate to reach the merits, it should, at a minimum, follow Ray Naga to vacate the judgment, and should also give a procedural instruction, like the one appellants have outlined on page 17 of our reply brief, that would cut a clear path. It would give practical effect to granting mandamus jurisdiction at all. Cut a procedural path that Mr. Allen could follow so that he'll know exactly what he needs to do and when he needs to do it in order to obtain direct review in the district court. But without that intermediate mandamus approach, we assert that, like in Ray Naga, the procedural struggle would be too difficult for Mr. Allen to get out of by himself. But, and we acknowledge that if the Court were to take this intermediate mandamus step, it would have mollified, in some part, the first Bowman, first and second Bowman factors. But here are the reasons why that intermediate mandamus approach, why this Court should consider going one step further and considering exhaustion. It goes to uncorrectable harm. This Court has found, on prior occasions, that where there is special uncorrectable harm that arises in delay, the Court need not wait. And this is true even though the delay need not even be long. One example. Why do you think it's uncorrectable in this case, the harm? Two, at least two reasons. The first is the magistrate judge's imposition, adoption and imposition of this fourth grade reading standard, works as a rule. He found Mr. Allen's reading level is above 4.0 and, therefore, that he doesn't need, he doesn't get assistance with the preparation of his appeals. Right. But let's assume that the judgment is vacated. Now, you're back in front of the magistrate judge and you have the avenue of appeal to the district court. So why isn't that an avenue for correcting the problem? Two reasons. The first is if the judgment is just vacated, Mr. Allen won't quite be in the same position as this Court put Mr. Ranaga in. While the judgment is vacated, and that's great, that's quite a bit of help, he still will have to figure out what the July 1, 2011, order is, which, of course, depends on defendant's consent decision, and then he'll have to figure out exactly how and when he's supposed to respond to it. If the issuance date is still July 1, 2011, of course, he's waived the arguments he's made in this appeal. If he will get more time, when will he know when it starts? Is it right when the judgment is vacated? Will the district court set a date certain? This is not the kind of case where Mr. Allen can participate in a case management conference, where he can meaningfully trade draft case management statements to the district court to propose a proper procedural path. He needs special care from this Court, and such an instruction wouldn't be unusual. It would be consistent with this Court's approach of taking special care with pro se inmate plaintiffs. A good example would be the fair notice doctrine, where this Court has instructed district courts and defendants to, in the event a motion for summary judgment or an unenumerated motion to dismiss is filed, the district court or defendants have to give the pro se inmate notice. What it means, what he needs to do, and the consequences for failure to do so. There's no such form paragraph or form order that tells Mr. Allen, the magistrate judge exceeded his authority, and this is what you should do next to make sure you don't waive your appeals. He's left in a situation very much like Mr. Renega, but it's even more confusing because there is this lingering order out there. But the other element of harm that can't be corrected is, if this Court agrees that an evidentiary hearing is what needs to take place, further delay until that happens can work to prejudice Mr. Allen as key documents and witnesses can't be located and witness memories fade. If this Court agrees that an evidentiary hearing should happen, it should direct the district court to hold one now. And to the extent the parties, there is this quasi-agreement in the parties' briefs that the record is undeveloped and is insufficient and that it should be developed before the district court. We absolutely agree, but the best way, the most expeditious way to ensure that happens is if this Court reaches the exhaustion issue and it finds just on this record the defendants have not met their burden. If defendants have different or better evidence, although they've pointed to none this whole time, they've only pointed to evidence that Mr. Allen could introduce to make his case stronger. But if defendants have different evidence, they would be free to file another unenumerated 12B motion if they did it timely, and they could try again. And if defendants wish to challenge the credibility of Mr. Allen in that new motion to dismiss, they could request an evidentiary hearing. But here, were this case to just go back to the district court as it is now, assuming Mr. Allen can get out of the invalid judgment, the only avenues he would have to request an evidentiary hearing would be an objection if it's a report and recommendation or a motion for reconsideration. But that why does that place him in any different position than the thousands of other 1983 plaintiffs? Sure. Well, the problem is an objection or a motion for reconsideration have standards that are not receptive to new arguments. First, Mr. Allen's position that defendants should have requested an evidentiary hearing because it's their burden. But, of course, he's the only one with any incentive to rock that July 1st, 2011, order. So he would have to request one. But he has no guarantee. It's completely discretionary up to the district judge or the magistrate judge whether to hear a new argument or not. Right. But let's assume this never happened. So there wasn't an adjustment. Let's just say there wasn't a judgment, but there was a determination. Then what would he have done? If there was a report and recommendation as opposed to a judgment, then he would have had, as a right, review in the district court. He would have been able to secure de novo renew. Excuse me, de novo review. So if you put him back in that position, he's no worse off, right? Not necessarily. First problem is that he may not be able to access direct review at the district court, either because the procedural path is too tricky for him to figure out or because the defendant ---- Wait a second. You just told me if he had a report and recommendation. Oh, in the first place. In the first place. And if you put him right back in that position, and this is basically construed as a report and recommendation, he would be kind of right back where he should have been, right? Yes. If he is secured or guaranteed district court review, yes, all in ---- Okay. Except for one respect, which would be ---- All right. ---- defendants still have advertised their ability to consent, thereby validating this July 1st, 2011 order, which then would, of course, remove Mr. Allen's ability for district court review and cause, if he's able to take one, a second appeal of the same issues and on the same record. With that, I'd like to reserve the rest of my time. Thank you. Very well. Thank you. Good morning, and may it please the Court, Deputy Attorney General Kenneth Roost for defendants Appellees Oteyo, Meyer, Zamora, and Zuniga. The parties agree that defendants never gave their consent to ---- Implied, expressed, and that you just did not consent. Correct, Your Honor. All right. So the judgment has to be vacated. You'd agree with that? We do, Your Honor. Yes. It's a legal nullity, and the Court could dismiss for lack of jurisdiction, transfer the case back to the district court. All this would indicate that the judgment was no good, that the magistrate judge lacked jurisdiction. No. The problem I have with that procedure, and I realize, in our cases, we've done it three ways, by my count. We've had some cases where we've simply vacated and remanded without talking about appellate jurisdiction. There are some cases where we say, gee, the magistrate judge lacked jurisdiction, and therefore, we don't have jurisdiction, and we're just going to dismiss the appeal. And the third is the transfer. The problem is the judgment stays on the books if we, at least with two of those, unless we take some further action. You indicated, well, it's an indication that it's void, but having done quite a few quiet title actions in my prior life, it still stays on the book. You still have to get a declaration that it's void. So why do you say we don't have to declare it vacated? Well, the Court certainly could, as it did in Renaga. Renaga was not a final order case, though. I mean, a final judgment case. But it was treated as one because it was an indefinite stay that the inmate could not surmount. In this case, a dismissal or transfer back to the district court would give the inmate plenty of alternatives that have been actually fleshed out in the briefing. He's been represented by counsel on appeal, so he's already received a very informed opinion of the steps that he could take. Okay, let's go down one of those paths. Let's assume we all agree this thing's got to be vacated in some way. What if we vacated it but transferred it back to the district court? I don't know. It's kind of a dual thing. Then what happens, in your view? Then defendants would have the option of either consenting to magistrate judge jurisdiction or, as is currently the case, the magistrate judge's order would just be treated as findings and recommendations. The plaintiff, Allen, would be free to file objections to it, and the case would proceed properly from that point. Do you have any objection to that route? No, Your Honor. So you don't have any objection to having a report and recommendation issued, and then he can take his chances with the district court? Well, at this point, we are not prepared to consent to magistrate judge jurisdiction. May I ask you on that point? Because I know we're now getting, departing from the record a little bit into policy, but at one point, the Attorney General was not consenting to any magistrate judge in the Eastern District. Is that still the policy of the Attorney General or not? No, Your Honor. We evaluate the cases individually, case-by-case basis, and at this point, we do not even know who the case would be before when it's returned to the district court. As to the substance of exhaustion, it doesn't seem that this Court is inclined to reach it on mandamus. We think it would be imprudent and premature. But they certainly have a point on the merits. Well, I just — Were to reach the merits. Were the Court to reach the merits, I would address the argument. Simply put, the plaintiff, the parties agree that the plaintiff never exhausted his grievance through the third level of review, but he claims that he should be entitled to exhaustion because administrative remedies were effectively rendered unavailable because he could not read the consent form that he was asked to sign. It's his burden to show that exhaustion remedies were unavailable at that point under this Court's precedent in Sepp v. Kimbrell. To quote, to fall within this exception, a prisoner must show that he attempted to exhaust his administrative remedies but was thwarted. That's at 623 F.3d 823-24. There is no evidence that the plaintiff put forward that he was thwarted in this case. The only evidence that he put forward is his appeal then to the director's level where he said, the reason I did not sign the form is because I told Lieutenant Callow that I will have to have my paralegal read it first. There's no indication that he could not read it, that he needed help. There's no indication that he asked staff for help to understand this form. There is indication in the record that he had signed these forms before and properly exhausted to staff complaints. But if there are no further questions, we'll rest on that. Sotomayor, what's the status? Could he withdraw his consent at this point? Given the switch in magistrate-judge, it's the same. Well, just given, forgetting about any switch in magistrate-judge because there was one, but given that whatever happened, if it were vacated, would he be able, in your view, to withdraw his consent? It's a good question. The answer is I don't know. Under Wilhelm V. Rotman, it's very clear that he did consent to magistrate-judge jurisdiction in this case, and the parties do not dispute that he has consented to magistrate-judge jurisdiction. Honestly, I do not know whether you can later go back and try to revoke magistrate-judge jurisdiction, but I would guess that you cannot. But he could certainly try to and make a showing, explain that he did not consent to the second magistrate-judge. But again, under the Court's holding in Wilhelm V. Rotman, he has consented, even with the switch. Mr. Roost, isn't this a stronger case for the issuance of a mandamus than in Renega because here there was an outright dismissal? In Renega, it was a stay. Doesn't that make, because a mandamus is an exceptional remedy, doesn't, isn't this case more exceptional than Renega? No, Your Honor. One of the reasons, at least in the concurrence provided by Judge Kaczynski for the unusual, extraordinary writ that was reached was because the inmate was never represented by counsel. He has received counsel and sophisticated briefing on his issues. But only on appeal. Correct. But that briefing has identified the avenues that he might take when this Court were to direct it back, be it through dismissal, transfer, or mandamus striking the judgment. All of those options would pretty much reach the same result. The merits of his exhaustion argument would get addressed. So whether or not a writ of mandamus issues depends upon whether or not someone's represented on appeal? That's a significant factor. That's one of the factors, Your Honor. Another factor is that the stay was more amorphous, whereas a judgment, seeming so final, would necessarily, implicitly, if not explicitly, by a transfer or dismissal, be struck. And the Court could even provide instruction, as Alan has suggested, that the magistrate judge has no jurisdiction and his order is not final. Which makes mandamus unnecessary, given those options. And what do you think, regardless of the vehicle, what should the instructions be to the lower court? I would leave it to the Court's discretion. But just an explanation that the magistrate judge had no jurisdiction because there was no consent of the defendants in this instance. Well, that doesn't leave me. That's not much of an instruction on how to proceed after this. Because Alan has already received instruction that he should be entitled to provide objections to the order or to be treated as findings and recommendations. You could explicitly include that or Alan could simply move on that understanding. Anything further? Thanks for your argument. Thank you, Your Honor. Your rebuttal. I would just like to emphasize the importance of specific instructions to the district court. Mr. Alan may have appellate briefs, but to ask him to synthesize those briefs, to get through standards of review and call out what he needs to do, or his counsel so far has no idea what he's going to need to do. It depends on the circumstances. So I can't emphasize enough the importance of clear, simple instructions that would help both the parties. And second, my second point and last point is that defendants shouldn't be able to give their consent before they, defendants should not know the outcome of a report and recommendation or an order before they can give consent. And another way to remedy that unfairness of using a consent, using the consent power opportunistically would be to let Mr. Alan decide to consent or withhold his consent again. That would even out the balance between the parties. I realize you're on a pro bono appointment to the Court of Appeals, but you may find like many of these pro bono cases, in for a penny, in for a pound. So we appreciate your help. Yes, we thank you very much for your pro bono assistance and your firm as well. The case that's heard will be submitted for decision.
judges: Bennett, Thomas, McKeown